UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BBL, INC., ALVA J. BUTLER, and SANDRA K. BUTLER, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) CAUSE NO. 1:13-CV-76 ) |
| CITY OF ANGOLA, DEAN TWITCHELL, *in his official capacity*, and VIVIAN LIKES, *in her individual capacity*, | ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Strike Amended Verified Complaint (Docket # 11), seeking to strike the Amended Complaint in its entirety. For the following reasons, the motion will be GRANTED.

### A. *Factual and Procedural Background*

Plaintiffs BBL, Inc., Alva J. Butler, and Sandra K. Butler brought this action against Defendants, the City of Angola, Dean Twitchell, and Vivian Likes, on March 19, 2013, alleging that the City of Angola and its agents changed city ordinances to prevent their adult entertainment business from opening. (Docket # 1.) Their original complaint was 49 pages long, contained 281 numbered paragraphs and 34 exhibits, which added an additional 150 pages, and brought seven counts against Defendants. (*See* Docket # 1.)

Before Defendants answered, Plaintiffs filed an Amended Complaint on April 10, 2013. (Docket # 10.) Although the Amended Complaint contains the same seven counts brought in the

1

original complaint and the same parties, it is more than triple the size of the first complaint, comprised of 168 pages (excluding the Certificate of Service) and 1047 numbered paragraphs as well as 32 exhibits, totaling an additional 155 pages. (*See* Docket # 10.) Essentially the only change to the Amended Complaint, with the exception of some minute alterations, is the addition of 779 paragraphs, spanning 117 pages, which contain allegations related to the City's "secondary effects" justification for enacting the ordinances. (Am. Compl. ¶¶ 162-940.)

Defendants subsequently filed a motion to strike the Amended Complaint (Docket # 11), arguing that it is replete with advocacy, unnecessary and excessive commentary, purported evidence, and irrelevant facts, including a personal attack on one of Defendants' attorneys, Scott Bergthold, who has represented governmental entities in other adult business litigation (Mem. of Law in Supp. of Defs.' Mot. to Strike Am. Verified Compl. ("Defs.' Mem. of Law") 1-2). Moreover, Defendants contend that the Amended Complaint violates Federal Rule of Evidence 8(a) and that requiring them to respond to it would be prejudicial. (Defs.' Mem. of Law 2, 11-12; *see* Defs.' Reply Br. in Supp. of Their Mot. to Strike Am. Verified Compl. ("Defs.' Reply") 6-10 .) They ask the Court to strike the Amended Complaint in its entirety. (Mot. to Strike Am. Verified Compl. 2; Defs.' Mem. of Law 12.)

Plaintiffs respond that Rule 8 should not be used to dismiss a complaint based on length alone, that the detailed "secondary effects" allegations are necessary as pled, and that requiring Defendants to answer these allegations now will significantly narrow discovery and allow for the filing of early motions for preliminary injunction or summary judgment. (*See* Pls.' Br. in Opp. to Defs.' Mot. to Strike Am. Verified Compl. ("Pls.' Resp.") 6-12, 17-20.) In their reply, Defendants reiterate that they do not seek to dismiss Plaintiffs' claims, but only to strike the

2

Amended Complaint, leaving the original complaint in place. (Defs.' Reply. 1.)

## B. *Applicable Legal Standard*

Federal Rule of Civil Procedure 12(f) provides that the Court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "Generally speaking, motions to strike portions of pleadings are disfavored as they consume scarce judicial resources and may be used for dilatory purposes." *Silicon Graphics, Inc. v. ATI Tech. ULC*, No. 06-C-611-C, 2007 WL 5312633, at *1 (W.D. Wis. Mar. 12, 2007) (citing *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006); *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). Thus, motions to strike pleadings "will generally be denied unless the portion of the pleading at issue is prejudicial." *U.S. Liab. Ins. Co. v. Bryant*, No. 3:10-cv-129, 2011 WL 221662, at *1 (S.D. Ill. Jan. 21, 2011). The decision whether to strike material under Rule 12(f) is within the discretion of the district court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

## C. *Analysis*

The Federal Rules of Civil Procedure employ a notice-based, rather than fact-based, pleading system. *Hardin v. Am. Elec. Power*, 188 F.R.D. 509, 510 (S.D. Ind. 1999) (citations omitted). Specifically, Rule 8 requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that each allegation "be simple, concise, and direct." FED. R. CIV. P. 8(a)(2), (d)(1); *accord Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 819 (7th Cir. 2001). According to the Seventh Circuit Court of Appeals, "[t]he word 'short' in Rule 8(a)(2) is a relative term. Brevity must be calibrated to the number of claims and also to their character, since some require more explanation than others to establish their

plausibility . . . ." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013). At the same time, however, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted)).

The Amended Complaint, spanning 168 pages and containing 1047 paragraphs, certainly fulfills the "notice" function contemplated by the Federal Rules. It is organized and clearly delineates the seven claims brought against Defendants. (*See* Am. Compl. ¶¶ 941-1028.) But to get to those claims, the reader must plow through 143 pages, 117 of which consist primarily of a recounting of Attorney Bergthold's role in this, and other, adult business litigation and a document-by-document attack of each supportive material the City relied upon in changing its ordinances. (*See* Am. Compl. ¶¶ 162-940.) Generally, the presence of extraneous material in a complaint that adequately performs the notice function does not warrant dismissal of that complaint. *Davis*, 269 F.3d at 820-21. This is because "[p]rolixity is a bane of the legal profession but a poor ground for rejecting potentially meritorious claims. Fat in a complaint can be ignored, confusion or ambiguity dealt with by means other than dismissal." *Bennett v. Schmidt*, 153 F.3d 516, 517 (7th Cir. 1998).

Importantly, however, Defendants do not seek *dismissal* of the Amended Complaint, but rather attempt to deal with its prolixity by means *other than* dismissal—by striking the Amended Complaint and replacing it with the original complaint, which is only 49 pages and does not contain the 117 pages challenging the City's secondary effects justification. Although "motions to strike are generally disfavored because they are seen as tools to delay litigation," "where a

4

motion to strike 'removes unnecessary clutter from the case, [it] serve[s] to expedite, not delay.'" *Hardin*, 188 F.R.D. at 511 (quoting *Heller Fin., Inc.*, 883 F.2d at 1294). Defendants' motion to strike seeks to remove clutter from this case—evidentiary detail and argument that may later become important, but does not belong in a complaint—thereby expediting the case rather than delaying it.

Nevertheless, mere redundancy or immateriality is insufficient to trigger the drastic measure of striking the pleading; the pleading must also be prejudicial to the defendant. *Id.* (citations omitted). Prejudice occurs when "the challenged allegation has the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party." *Ind. Ins. Co. v. Westfield Ins. Co.*, No. 10 C 2660, 2010 WL 3404971, at *3 (N.D. Ill. Aug. 26, 2010) (quoting *Cumis Ins. Soc., Inc. v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill. 1997)). Defendants argue that requiring them to respond to the Amended Complaint is prejudicial, necessitating that they exercise an inordinate amount of time and effort responding to the more than one thousand paragraphs, a majority of which contain material they argue is irrelevant, immaterial, and constituting advocacy and evidentiary detail. (Defs.' Mem. of Law 11-12.) They further contend that answering some of the allegations in the Amended Complaint would require disclosure of attorney-client communications or attorney mental impressions. (Defs.' Reply 10.)

The only substantial—and voluminous—change in the Amended Complaint is the addition of over 775 paragraphs, spanning 117 pages, that recounts Attorney Bergthold's role in this case and other adult entertainment business litigation and attacks the City's secondary effects justification for enacting its new ordinances. The paragraphs addressing Attorney

Bergthold's role in adult business regulation and litigation point to a history of apparent animosity between counsel in this case (*see, e.g.*, Am. Compl. ¶¶ 184 (describing Bergthold's current practice as almost exclusively representing governments to "eradicate what he and/or the governmental entities consider to be 'adult' entertainment businesses"), 225-38, 254-55 (pejoratively referring to Bergthold's presentation of the adverse secondary effects of adult entertainment businesses as the "Bergthold Dog and Pony Show")) and suggest that the more than tripled-in-size Amended Complaint was at least partly aimed at harassing Attorney Bergthold and his clients. This impression is further supported by the fact that the Amended Complaint adds no new parties or claims and leaves the existing claims relatively untouched, without any significant alterations. Any punishment for overdrafting "should be fitted to the crime," *Davis*, 269 F.3d at 82, and, here, the potential presence of a harassing motive supports striking the Amended Complaint, *cf. id.* (declining to dismiss a 20-page complaint where it was "only faintly blameworthy and entirely harmless").

Furthermore, the secondary effects section contains countless evidentiary details attacking the sources Attorney Bergthold allegedly relied on in developing the presentations given to the City and the materials cited in the City's Preambles to its ordinances and delineating the contradictory sources intentionally omitted from them. (*See, e.g.*, Am. Compl. ¶¶ 225-55, 364-940.) The Amended Complaint also includes a number of paragraphs that recite applicable legal authority and argue about how it applies here. (*See* Am. Compl. ¶¶ 343-60.) But evidence, theories, and speculation about the disputed events "belong (if anywhere) in an argumentative brief and not a complaint." *Mutuelle General Francaise Vie v. Life Assurance Co. of Penn.*, 688 F. Supp. 386, 391 (N.D. Ill. 1988). Furthermore, evidentiary material supporting the general

6

statements in a complaint normally should not be set out in the pleadings, but rather left to be brought to light during the discovery process. *Hardin*, 188 F.R.D. at 511 (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1281 (2d ed. 1990 & Supp. 1999)).

Plaintiffs admittedly seek to circumvent this norm, arguing that forcing Defendants to respond to these secondary effects allegations will significantly narrow discovery and potentially allow them to file early motions for preliminary injunction or summary judgment. (Pls.' Resp. 19-20.) Yet, if a defendant cannot use a motion for a more definite statement as a substitute for discovery, *Hilst v. Freedom Graphic Sys.*, No. 03-C-0186-C, 2003 WL 23190928, at *1 (W.D. Wis. Aug. 27, 2003) (citations omitted), a plaintiff should be prohibited from doing the same through a complaint. And just because the Local Rules permit only 30 requests for admissions does not justify the use of an amended complaint to bypass the discovery process, particularly since a party can seek to be relieved from this limit. *See* N.D. IND. L.R. 26-1(c) (stating that a "party wanting to serve more requests must file a motion setting forth the proposed additional requests and why they are necessary"). And Plaintiffs completely ignore the fact that other discovery methods also exist.

Under the circumstances of this case, requiring Defendants to respond individually to each of the 1047 paragraphs in the Amended Complaint—as Local Rule 10-1 requires—over 775 of which are either extraneous or not properly in the complaint to begin with, would impose an undue burden. As Defendants point out, many of these paragraphs touch on Attorney Bergthold's representation of both the City in this matter as well as other governmental entities. (*See* Am. Compl. ¶¶ 162-77, 265-90.) As such, requiring Defendants to respond to these

allegations could implicate attorney-client privileges. And numerous other paragraphs in the secondary effects section offer merely speculative allegations about why the City may have hired Bergthold and his law firm, or why they enacted the ordinances. Such gratuitous speculation does not belong in a complaint. *Mutuelle General Francaise Vie*, 688 F. Supp. at 391.

Moreover, although prolixity is a poor ground for rejecting potentially meritorious *claims*, *Bennett*, 153 F.3d at 517, the Amended Complaint does not contain any new claims; thus, striking it would not entail the rejection of any claim as all claims would be preserved in the original complaint, which will stand. This distinguishes the instant case from *McGrath v. Everest Nat'l Ins. Co.*, 625 F. Supp. 2d 660, 665-66 (N.D. Ind. 2008), on which Plaintiffs rely (Pls.' Resp. 8-9), because the plaintiff in that case, unlike Plaintiffs here, *did* add new claims in her proposed 49-page amended complaint, including a fraud claim that was subject to Rule 9(b)'s heightened pleading standard. But none of these circumstances that justified a lengthy amended complaint in *McGrath* are present here, and the Amended Complaint in this case is more than three times the length of the one allowed in *McGrath*.

The burden on Defendants of responding to the massive Amended Complaint is further exacerbated, as mentioned earlier, by Local Rule 10-1, which requires Defendants in their Answer to "restate *verbatim* the paragraphs from the pleading they respond to" and, "immediately following each restated paragraph, state the response to that paragraph." N.D. IND. L.R. 10-1(a) (emphasis added). Compliance with this rule would result in an Answer double the length of an already bloated Amended Complaint, placing an unnecessary and undue burden on the Court as well. As the Seventh Circuit has recognized, "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it

8

difficult for the trial court to conduct orderly litigation." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) (citations omitted). The overwhelming length of the Amended Complaint and its inclusion of inappropriate and extraneous material makes it difficult for Defendants and the Court to proceed forward in this litigation, as it creates an undue burden and justifies its striking. *See Hardin*, 188 F.R.D. at 511 ("[U]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." (quoting *Roberto's Fruit Market, Inc. v. Schaffer*, 13 F. Supp. 2d 390, 395 (E.D.N.Y. 1998))).

Finally, Plaintiffs' arguments, and the cases they rely upon, do not lead to a different result in this case. For instance, Plaintiffs maintain that it is their obligation to attack each and every predicate in the Preambles that the City relied on in enacting its ordinances. (Pls.' Resp. 18.) But Plaintiffs do not explain why they must do so *in their complaint*. Once again, because all the Federal Rules require is notice pleading, "there is absolutely no need for the [P]laintiffs to plead evidence" or facts. *Wardell v. City of Chicago*, No. 98 C 8002, 99 C 1856, 2001 WL 849536, at *2 (N.D. Ill. July 23, 2001).

Further highlighting counsel's past history, Plaintiffs contend that the failure to make specific allegations in other cases has led Attorney Bergthold to file motions to dismiss, which have been granted, and caused courts to fault other plaintiffs for attacking the evidentiary basis for similar ordinances "with a club rather than a scalpel" and for not casting doubt on *all* of the studies on which the municipality relied. (Pls.' Resp. 18-19 (citing *Sensations v. City of Grand Rapids*, 526 F.3d 291 (6th Cir. 2008); *Keepers, Inc. v. City of Milford*, __ F. Supp. 2d __, 2013 WL 1297839, at *11 (D. Conn. Mar. 30, 2013); *Metro Pony, LLC v. City of Metropolis*, No. 11-

9

cv-144-JPG, 2012 WL 1389656, at *11 n.2 (S.D. Ill. Apr. 20, 2012).)

In *Sensations*, however, the district court granted the defendants' motion for judgment on the pleadings, not a motion to dismiss, because the City of Grand Rapids expressly relied upon decisions of the Supreme Court, the Sixth Circuit, Michigan courts, and other federal circuit courts, which had upheld each of the restrictions set forth in the challenged ordinance and found sufficient evidence of secondary effects. *Sensations, Inc. v. City of Grand Rapids*, No. 1:06-CV-300, 4:06-CV-60, 2006 WL 5779504, at *6 (W.D. Mich. Oct. 23, 2006). Contrary to Plaintiffs' representations, this motion was *not* granted because the complaint failed to include specific allegations attacking each of the predicates the City of Grand Rapids relied upon in enacting its ordinance. Additionally, the other two cases Plaintiffs point to were before the Court on motions for summary judgment, *Keepers, Inc.*, 2013 WL 1297839, at *1; *Metro Pony, LLC*, 2012 WL 1389656, at *1, where such evidentiary attacks on the defendants' secondary effects justification are appropriately brought.

Although the proper response to a motion to strike is ordinarily striking only the offending parts, the entire pleading may be stricken if "a great deal of judicial energy would have to be devoted to eliminating the unnecessary matter and restructuring the pleading." *Id.* (quoting 5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1217). Here, the objectionable material is in the secondary effects section, which is wholly omitted from the original complaint. Therefore, rather than striking those portions of the Amended Complaint, judicial energy is best conserved by striking the Amended Complaint in its entirety and allowing the original complaint to stand.

Ultimately, the excessive and inappropriate advocacy and evidentiary detail contained in

10

the massive Amended Complaint, which is only supposed to give *notice* to Defendants of the claims against them, and the presence of an original complaint that contains the same claims and parties presented in a significantly shorter fashion, leads to the conclusion that this *is* "the rare case where a motion to strike should be granted." *Abbott v. Lockheed Martin Corp.*, No. 06-cv-0701-MJR, 2007 WL 2316485, at *2 (S.D. Ill. Aug. 13, 2007). With the Amended Complaint stricken, the original complaint will become the operative document, thereby preventing any delay in this litigation and further supporting the striking of the Amended Complaint. *Cf. id.* (declining to strike paragraphs from a complaint when doing so would merely serve to delay the litigation, require plaintiffs to file an amended complaint, and postpone a trial on the merits).

### *D. Conclusion*

For the foregoing reasons, Defendants' Motion to Strike Amended Verified Complaint (Docket # 11) is GRANTED. The Amended Verified Complaint (Docket # 10) is hereby STRICKEN. The originally filed Complaint (Docket # 1) therefore becomes the operative complaint in this action.

SO ORDERED.

Enter for this 29th day of May, 2013.

S/Roger B. Cosbey  
Roger B. Cosbey  
United States Magistrate Judge